IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL T NEAL,
    Plaintiff,

vs.                                        Case No. 3:10cv309/MCR/CJK

OKALOOSA COUNTY SHERIFF, et al.,
    Defendants.
_____

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 10). Upon review of the complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections presently confined at Calhoun Correctional Institution. Plaintiff is suing various officials associated, or formerly associated with the Okaloosa County Sheriff's Office and State Attorney's office. (Doc. 10). Plaintiff is also suing his former attorney. (Doc. 10). Plaintiff claims that together they violated his constitutional rights through the investigation, trial, and sentencing processes. As a result, these actions have left plaintiff "erased from society; financially bankrupt; businesses destroyed; [plaintiff's] finances taken without justification; [plaintiff's] freedom forfeited; and his physical health destroyed through violence by associates of the Defendant LaPee." (Doc. 10,

p. 29). As relief, plaintiff seeks vacation of all charges against him, monetary damages and restitution, punitive damages, $1,000,000 per year incarcerated, and any and all other relief that this court deems justifiable. (Doc. 10).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed his amended complaint on November 9, 2010, the date reflected on the institutional date-of-mailing stamp. (Doc. 10, p. 1). On page five of the civil rights complaint form, Section IV(B) Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" (Doc. 10, p. 6). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes." (Doc. 10, p. 6). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed one case: *Neal v. Cassiday et al.*, Case Number 3:06cv8/RV/MD, a civil rights case plaintiff filed in this Court on January 3, 2006.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect

---

[1] Questions (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No" to Question (A). (Doc. 10, p. 6).

*Case No: 3:10cv309/MCR/CJK*

Page 3 of 6

of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 10, p. 9). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (Doc. 10, p. 9). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed one state court case and the following federal cases: 3:09cv23 and 3:06cv17. Plaintiff disclosed no other cases.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "Under penalties of perjury, I declare that I have read the forgoing and the fact stated in it are true and correct." (Doc. 10, p. 37). Thus, plaintiff has in effect stated that he initiated no other lawsuits in federal court relating to the conditions of his confinement.

As a matter of course, this Court attempts to make an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable. As the Eleventh Circuit explained: "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal

---

[2]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

The Clerk has advised and the Court may take judicial notice, that at the time plaintiff filed his amended complaint on November 9, 2010, plaintiff had initiated at least two other civil rights actions in this Court that he failed to disclose. On August 5, 2005 (the date reflected on the institutional mailing stamp), plaintiff initiated *Neal v. Cassiday et al.*, Case Number 3:05cv302/RV/EMT. There, plaintiff complained of the conditions of his confinement at Walton Correctional Institution, claiming that prison officials retaliated against him and were deliberately abusive towards him. On August 14, 2006, plaintiff initiated *Neal v. Sheppard et al.*, Case Number 3:06cv04/LC/EMT. There, plaintiff complained of the conditions of his confinement at Walton Correctional Institution, alleging inadequate and neglectful medical care. Plaintiff disclosed neither of these cases in his original or amended complaint.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all

prior actions was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 10, p. 5).  If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this Court should not allow plaintiff's false response to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 24th day of September, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).